UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ, | No. 2:14-cv-2705 JAM CKD P |
| Plaintiff, | |
| v. | <u>ORDER</u> AND |
| R. FOX, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. On January 20, 2015, plaintiff's original complaint was dismissed for failure to state a claim. (ECF No. 7.) On May 28, 2015, the undersigned found plaintiff's first amended complaint to fail to cure the defects of the original complaint. (ECF No. 13.) Plaintiff has filed a second amended complaint, now before the court for screening. (ECF No. 20.) See 28 U.S.C. § 1915A(a).

Plaintiff's allegations concern his medical need for diabetic snacks while incarcerated at the California Medical Facility.[1]  He names as defendants prison officials, medical staff, food service workers, and the reviewers of plaintiff's inmate appeals on this subject.  As to all but two

---

[1] In May 2015, plaintiff was issued a "diet card" to present to kitchen staff so that he could receive the snacks. The card is valid through mid-November 2015. (ECF No. 20 at 3, 19.)

1

1  defendants, plaintiff has not alleged the elements of an Eighth Amendment deliberate indifference
2  claim. (See ECF No. 7 at 3-4.) However, construing the complaint in plaintiff's favor, the
3  undersigned concludes that he has stated deliberate indifference claims against two food service
4  workers, Ferreira and Stankiewicz.

5  Plaintiff also alleges these two defendants retaliated against him in violation of the First
6  Amendment. Ferreira "retaliated against the plaintiff for refusing to withdraw his
7  appeal/complaint against him" by tearing open plaintiff's bag on one occasion. (Id. at 2.)
8  Plaintiff attaches a July 2014 request for accommodation in which he stated that Ferreira and
9  other kitchen staff failed to provide him diabetic snacks per his medical chrono. (Id. at 14.)
10 Plaintiff does not specify when Ferreira tore open his bag or allege any threatening statements by
11 Ferreira, but asserts that Ferreira "took these actions to humiliate and intimidate me from
12 pursuing further action and to stop pursuing the administrative appeals process[.]" (Id. at 2.) As
13 in the original complaint, his allegations are too vague and conclusory to state a First Amendment
14 claim.

15 Plaintiff alleges that Stankiewicz "threatened to write a false 115 disciplinary charge for
16 requesting doctor prescribed medical treatments for my diabetes." (Id. at 3.) As in the original
17 complaint, these brief and conclusory allegations fail to state a First Amendment claim.

18 In sum, the undersigned will recommend that all defendants and claims be dismissed
19 except for Eighth Amendment claims against Ferreira and Stankiewicz.

20 Accordingly, IT IS HEREBY ORDERED that:
21 1. Service is appropriate for the following defendants: Ferreira and Stankiewicz.
22 2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an
23 instruction sheet and a copy of the second amended complaint filed September 29, 2015.
24 3. Within thirty days from the date of this order, plaintiff shall complete the attached
25 Notice of Submission of Documents and submit the following documents to the court:
26     a. The completed Notice of Submission of Documents;
27     b. One completed summons;
28     c. One completed USM-285 form for each defendant listed in number 1 above;

      d. Three copies of the endorsed amended complaint filed September 29, 2015.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS HEREBY RECOMMENDED that all defendants and claims be dismissed from this action except Eighth Amendment deliberate indifference claims against Ferreira and Stankiewicz.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 19, 2015

                                  _____
                                  CAROLYN K. DELANEY
                                  UNITED STATES MAGISTRATE JUDGE

2 / diaz2705.sac_fr

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ,<br><br>      Plaintiff,<br><br>  v.<br><br>R. FOX, et al.,<br><br>      Defendants. | No.  2:14-cv-2705 JAM CKD P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_      completed summons form

    \_\_\_\_      completed USM-285 forms

    \_\_\_\_      copies of the _____

                            Complaint

DATED:

                                                _____
                                                      Plaintiff