UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ,<br><br>        Plaintiff,<br><br>    v.<br><br>R. FOX, et al.,<br><br>        Defendants. | No. 2:14-cv-2705 JAM CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff has filed a motion to recuse the undersigned. (ECF No. 35.)

The federal statute governing recusal provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144; see also 28 U.S.C. § 455.

1

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" <u>Mayes v. Leipziger</u>, 729 F.2d 607, 607 (9th Cir. 1984) (quoting <u>United States v. Nelson</u>, 718 F.2d 315, 321 (9th Cir. 1983)).  To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source as a judge's previous adverse ruling alone is not sufficient for recusal.  <u>See id.</u>

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  A judge who finds the affidavit legally sufficient must proceed no further under section 144 and must assign a different judge to hear the matter.  <u>See</u> 28 U.S.C. § 144.  However, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter.  <u>See</u> <u>United States v. Scholl</u>, 166 F.3d 964, 977 (9th Cir. 1999) (citing <u>Toth v. Trans World Airlines, Inc.</u>, 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign decision on merits to another judge)).  If the affidavit is legally insufficient, then recusal can be denied.  <u>See</u> <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 566 (9th Cir. 1995).

Plaintiff's motion for recusal is insufficient under section 144 because it fails to allege facts that would support the contention that the undersigned exhibits bias or prejudice directed towards him from an extrajudicial source.  <u>See</u> <u>U.S. v. Sibla</u>, 624 F.2d 864, 868 (9th Cir. 1980) ("An affidavit filed pursuant to [section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source.").  Plaintiff's motion for recusal alleges bias and prejudice arising out of judicial actions of the undersigned.  These are not proper grounds to disqualify a judge for bias and prejudice.  As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).  Instead, the judicial rulings are a basis for appeal, not recusal.  <u>See id.</u> ("In and of themselves ... [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.  Almost

invariably, they are proper grounds for appeal, not for recusal."); <u>Leslie v. Grupo ICA</u>, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for recusal (ECF No. 35) is denied.

Dated:  March 14, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / diaz2705.recuse