UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ,<br><br>        Plaintiff,<br><br>    v.<br><br>R. FOX, et al.,<br><br>        Defendants. | No. 2:14-cv-2705 JAM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the Second Amended Complaint ("SAC") filed September 29, 2015. (ECF No. 20.) The court determined that service was appropriate for defendants Ferreira and Stankiewicz on claims that they were deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment. (ECF No. 21.)

    Before the court is defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 28.) Plaintiff has filed an opposition, and defendants have filed a reply. (ECF Nos. 31 & 33.) Having carefully considered the record and the applicable law, the undersigned will recommend that defendants' motion be denied.

////

II. Standards for a Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In ruling on a motion to dismiss, the court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); see also Steckman v. Hart Brewing Co., Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (on Rule 12(b)(6) motion, court is "not required to accept

as true conclusory allegations which are contradicted by documents referred to in the complaint.") The court may also consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

III. <u>Discussion</u>

In the SAC, plaintiff alleges that defendants Stankiewicz and Ferreira were food service workers at California Medical Facility ("CMF") who denied plaintiff nighttime snacks despite plaintiff's medical chrono to receive them as part of a therapeutic diet for diabetes. (SAC at 2-3, 7-8, 11, 14.) Stankiewicz allegedly told plaintiff that his medical chrono "means nothing" and that she didn't care whether he had a chrono. (<u>Id.</u> at 3.)

The SAC does not indicate how many times each defendant allegedly refused to honor plaintiff's chrono, the dates on which this alleged conduct occurred, or other details of the parties' interactions. Nor does plaintiff allege any physical injury as a result of being denied diabetic snacks. The SAC does not causally link any physical harm to either defendant.

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. <u>McGuckin v. Smith</u>, 974 F.2d 1050 (9th Cir. 1991), <u>overruled on other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" <u>Id.</u> at 1059 (citing <u>Estelle</u>, 429 U.S. at 104).

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. <u>Id.</u> at 1060. This second prong – deliberate indifference – may be shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). "Indifference

3

1 may appear when prison officials deny, delay or intentionally interfere with medical treatment ."
2 Id. (internal quotations omitted).

3     Defendants argue that the SAC alleges neither a "serious medical need" nor "actual injury," and for both reasons fails to state a claim.  As to the first argument, plaintiff's allegations that he is a longtime diabetic with a "continued need for diabetic [treatments]" is sufficient to allege a serious medical need.  (SAC at 14.)  See, e.g., Wilson v. Terhune, 2008 WL 4966312, *7 (E.D. Cal. Nov. 20, 2008) (prisoner's diabetes a "serious medical need" at pleading stage) (findings and recommendations adopted by district court Jan. 22, 2009).  Thus the SAC satisfies the first part of the medical indifference test.

    As to the second part – deliberate indifference – the SAC alleges that Ferreira "denied me even with a valid medical chrono the medically prescribed treatment for my diabetes" (SAC at 2) and that Stankiewicz also disregarded plaintiff's medical chrono for diabetic snacks (SAC at 3).  Liberally construed, this alleged conduct denies, delays, or intentionally interferes with medical treatment.  See Jett, 439 F.3d at 1096.

    Explaining the medical indifference standard in Jett, the Ninth Circuit continued:

> A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs.  If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.

Id. at 1096 (internal citations omitted); see also McGuckin, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.")

    Defendants cite 42 U.S.C. § 1997e(e), which provides:  "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."  However, the physical injury requirement only applies to claims for mental and emotional injuries and does not bar an action for a violation of a constitutional right.  Cockcroft v. Kirkland, 548 F. Supp. 2d 767, 776 (N.D. Cal. 2008), citing Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002).  "In keeping with the Ninth Circuit's decision in Oliver, district courts have consistently concluded that if a

4

plaintiff states a constitutional claim, as opposed to a claim for mental or emotional injuries, the physical injury requirement of § 1997e(e) does not apply." Low v. Stanton, 2010 WL 234859, *4 (E.D. Cal. Jan. 14, 2010) (collecting cases).

"While it is clear that a constitutional claim survives § 1997e(e) regardless of proof of a physical injury, the types of relief available to a plaintiff alleging a constitutional violation without a physical injury may be limited." Bodnar v. Riverside County Sheriff's Dept., 2014 WL 2737815, *6 (E.D. Cal. Mar. 28, 2014) (collecting cases). "Ultimately, the fact that a plaintiff never suffered any physical injury as a result of the defendant's alleged acts may make his constitutional claim of very little financial value but does not make the claim nonexistent." Id., citing Cockcroft, 548 F. Supp. 2d at 776-77.

Here, the SAC lacks specifics about how many times defendants denied plaintiff diabetic snacks and what, if any, physical harm resulted from defendants' actions. The court could dismiss the SAC with leave to amend as to these issues. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (district court dismissing under Rule 12(b)(6) should grant leave to amend unless it appears pleading could not possibly be cured by allegation of other facts). However, resolving all doubts in plaintiff's favor, the undersigned concludes that the SAC is sufficient to state Eighth Amendment claims based on defendants' alleged disregard of plaintiff's valid medical chrono.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 28) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

////

////

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: June 27, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

9  2 /diaz2705.mtd