1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MIGUEL ENRIQUE DIAZ,                    No.  2:14-cv-2705 JAM CKD P

12                   Plaintiff,

13        v.                                 ORDER

14   R. FOX, et al.,

15                   Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Currently before the court are the parties' motions to compel discovery (ECF

19   Nos. 50, 54) and plaintiff's motions for contempt of court and sanctions (ECF Nos. 66, 71),

20   recusal (ECF No. 70), and extension of time (ECF No. 72).

21        I.    Motion to Recuse

22        As an initial matter, plaintiff's motion to recuse is properly before the undersigned.  The

23   Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal

24   sufficiency of a recusal motion in the first instance."  United States v. Studley, 783 F.2d 934, 940

25   (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978)).  If the

26   affidavit is legally insufficient, then recusal can be denied.  United States v. $292,888.04 in U.S.

27   Currency, 54 F.3d 564, 566 (9th Cir. 1995).

28        "Whenever a party to any proceeding in a district court makes and files a timely and

                                      1

sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

Plaintiff argues that the undersigned should recuse herself because she is a former prosecutor and has failed to rule on his pending motion for sanctions, which he asserts demonstrates her bias against him. (ECF No. 70 at 1.) The conclusory assertion that the undersigned must be biased against plaintiff because of her previous occupation is insufficient to show any actual bias or prejudice or to demonstrate that the undersigned's impartiality might be reasonably questioned. With respect to the claims that the undersigned's conduct in this case demonstrates bias, recusal "is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir. 1991) (quoting Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir. 1988)). Plaintiff's allegation that the undersigned has deliberately delayed the consideration of his motion is founded on nothing more than speculation and plaintiff's frustration at the pace of litigation. "[A] judge, having been assigned to a case, should not recuse h[er]self on unsupported, irrational, or highly tenuous speculation." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986). While the court understands plaintiff's frustration at how long it can take to resolve matters, these delays are not attributable to any bias toward him, but rather to the fact that judges in the Eastern District of California maintain some of the heaviest caseloads in the nation, a significant portion of which are comprised of pro se inmate cases. This sometimes causes unavoidable delays in the resolution of individual matters.

Plaintiff's conclusory allegations, based on nothing more than speculation, are legally

insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists. The request for recusal will therefore be denied.

## II.     Motion for Extension of Time

Plaintiff has also filed a motion for a thirty day extension of time "to comply with the Court's prior order." (ECF No. 72.) However, he does not identify which order he is referring to or what deadline he is seeking to extend. The motion is signed September 6, 2017 (id.), and the last order the court issued prior to the filing of the motion was filed May 31, 2017 (ECF No. 61). In that order, plaintiff was granted an additional fifteen days to oppose defendants' motion to compel and reply in support of his own motion to compel. (Id.) Plaintiff filed a response to defendants' motion to compel (ECF No. 62), but never filed a reply in support of his own motion. If the deadline he is seeking to extend is the deadline for replying in support of his motion to compel, then the motion for extension is untimely and fails to demonstrate excusable neglect,[1] particularly in light of the numerous other motions and requests plaintiff filed in between the filing of the order granting his previous request for extension and the filing of his current motion for extension. See Fed. R. Civ. P. 6(b)(1)(B) (untimely motion must demonstrate excusable neglect); ECF Nos. 62, 63, 65-37, 69-72.

It is unclear what deadline plaintiff seeks to extend and a request to extend his time to file a reply is untimely. Accordingly, the motion for extension of time will be denied.

## III.     Motions for Contempt of Court and Sanctions

Plaintiff has filed two motions for "contempt of court and monetary sanctions." (ECF Nos. 66, 71.) Both motions concern plaintiff's placement into administrative segregation which he alleges has deprived him of access to the law library and his legal property. (Id.) He also claims that he is being denied medication for pain and acid reflux, that his typewriter was stolen, and that he was placed in administrative segregation in retaliation for initiating a lawsuit and to

---

[1] Although a number of plaintiff's filings after he filed the opposition to defendants' motion to compel allege that he was without any of his documents because he was placed in administrative segregation and transferred to other prisons, the alleged deprivation did not begin until July 6, 2017, three weeks after his extended deadline to file a reply expired. (See ECF Nos. 65-67, 69-71.)

1  impede his ability to pursue his claims.  (Id.)  In the first motion, he requests that defendants'

2  counsel and various non-defendants be ordered to show cause why they should not be held in

3  contempt of court and issued monetary sanctions.  (ECF No. 66 at 1, 3.)  He further requests that

4  the court require counsel and non-defendants to produce their e-mails for in camera review, that

5  he be immediately released from administrative segregation and reinstated to his job assignment,

6  and that a rules violation be expunged from his record.  (Id. at 4.)  The second motion requests

7  that defendants and Warden Fox[2] be ordered to replace his typewriter and either immediately

8  provide plaintiff with all of his property or be fined $500.00 per day until they provide his

9  property.  (ECF No. 71 at 2.)  It also requests that any court order issued between July 6 and

10 August 18, 2017, be vacated and that a rules violation be expunged from his record.  (Id. at 2-3.)

11 Both motions will be denied.

12         Plaintiff fails to identify any court order or rule that defendants or their counsel have

13 violated and the non-defendants are not currently before the court.  Accordingly, holding these

14 individuals in contempt of court and assessing monetary sanctions would be inappropriate.

15 Furthermore, defendants appear to be wholly uninvolved in the incidents that serve as the basis

16 for the motions and the incidents are entirely unrelated to the matters before the court in the

17 instant case.  The lawsuit plaintiff claims prompted the retaliation deals with allegations that he

18 was subject to racial discrimination by individuals from the Father's House church.[3]  (ECF No. 66

19 at 1, 4, 10.)  If plaintiff wants to pursue his claims for discrimination and retaliation, he will need

20 to do so in a separate action.  To the extent plaintiff claims defendants' counsel is somehow

21 involved in his inability to access the library or his legal property, his allegations are entirely

22 speculative.  (See ECF No. 65 (letter to court summarily concluding counsel is involved in the

23 alleged deprivation).)  Finally, plaintiff has not demonstrated that his alleged inability to access

24 _____

25 [2]  Warden Fox was originally named as a defendant (ECF No. 20), but the claims against him
   were screened out (ECF No. 21).

26 [3]  It is not clear that plaintiff has actually initiated a lawsuit, as the documentation indicates that
   he instead sent a letter to the Father's House church seeking information on their liability

27 insurance policy and "'demanding 45k compensatory and 135k in punitive damages.'"  (ECF No.
   66 at 10.)

28

his legal property between July 6 and September 2, 2017,[4] inhibited his ability to proceed in this case and such a showing would likely be difficult as there were no deadlines pending during at that time.

IV.    Motions to Compel

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The purpose of discovery is to make "trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)), and "to narrow and clarify" the issues in dispute, Hickman, 329 U.S. at 501.

Where a party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33, or fails to produce documents requested under Fed. R. Civ. P. 34, the party seeking discovery may move for compelled disclosure. Fed. R. Civ. P. 37. "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at * 1, 2009 U.S. Dist. LEXIS 42339, at *3 (S.D. Cal. May 14, 2009) (citations omitted). The opposing party is "required to carry a heavy burden of showing why discovery [should be] denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

A.    Plaintiff's Motion

Plaintiff has filed a motion to compel responses to his requests for interrogatories and production of documents on the grounds that defendants have waived all their objections because

---

[4] Plaintiff's motion for extension of time, which was filed after both motions for contempt of court, states that he received some of his legal property on September 2, 2017. (ECF No. 72.)

the responses were untimely, the objections lacked specificity, and they failed to provide a privilege log.[5]  (ECF No. 50.)  Defendants oppose the motion on the grounds that plaintiff failed to meet and confer with counsel prior to filing his motion, their responses were timely and sufficient, and the motion does not identify the specific discovery requests or responses at issue.

i.    <u>Failure to Meet and Confer</u>

Defendants argue that plaintiff's motion to compel should be denied because he failed to comply with the meet and confer requirements of Local Rule 251.  (ECF No. 51 at 2.)  However, as is this court's standard practice in pro se prisoner cases such as this, the requirements of Local Rule 251 were explicitly ordered inapplicable (ECF No. 46 at 5) and this is not a valid ground for denying plaintiff's motion.  Moreover, the court notes that were it to hold plaintiff to the requirements of Local Rule 251, defendants' motion to compel responses to their interrogatories and requests for production would also be denied for lack of compliance because a "meet and confer letter" does not satisfy the requirement that the parties confer in good faith.  <u>See Compass Bank v. Shamgochian</u>, 287 F.R.D. 397, 399-400 (S.D. Tex. 2012) (collecting cases) ("Based on the foregoing case law, Plaintiff's single letter unilaterally identifying flaws in Defendant's discovery responses and setting an arbitrary response deadline for Defendant would seem to be inadequate, as it does not equate to a good faith conferral or attempt to confer"); <u>see also</u> Informal Telephonic Conferences re Discovery Disputes for Magistrate Judge Delaney[6] ("**The parties must meet and confer in person or via telephone or video conferencing (i.e. in voice to voice dialogue; other forms of communication are not sufficient).**" (emphasis in original)).

Though not raised by defendants, Federal Rule of Civil Procedure 37(a) also contains a requirement that the movant attempt to resolve any disputes prior to seeking court intervention.  However, while compliance with that rule has not been explicitly excused and the court

---

[5]  Plaintiff also makes arguments related to the taking of his deposition and the events that transpired on the day his deposition was scheduled to take place.  However, these arguments are immaterial to the resolution of his motion to compel and, where appropriate, will instead be considered as part of his opposition to defendants' motion to compel and for sanctions.

[6]  Available under Case Management Procedures at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/.

6

encourages parties to attempt to resolve disputes prior to seeking court intervention, because plaintiff is incarcerated and proceeding pro se, it will not be enforced here and will not provide grounds for denying the motion.

ii.     Timeliness of Defendants' Responses

Plaintiff argues that defendants' did not timely object to his discovery requests and they therefore waived all objections. (ECF No. 50 at 1.) His arguments indicate that he believes that defendants' responses were untimely because they were served more than thirty days after he served the requests. However, as defendants correctly point out, discovery in this matter was stayed, which consequently altered the date their responses were due.

Plaintiff's requests for production were received by the docketing unit of the Attorney General's Office on February 5, 2016, and received by defendants' previous counsel on February 8, 2016.[7] (ECF No. 29-1 at 1, ¶ 2.) A certificate of service was not included with the requests, but they were dated January 29, 2016 (id.), making the responses due on March 2, 2016, under the default deadlines set by the Federal Rules of Civil Procedure, Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

Defendants filed a motion to dismiss on February 9, 2016 (ECF No. 28), and then filed a motion for a protective order to stay discovery pending resolution of the motion to dismiss and to extend their deadline for responding to plaintiff's January 29, 2016 requests until forty-five days after the motion to dismiss was resolved (ECF No. 29). The motion for protective order was filed prior to defendants' deadline to respond to plaintiff's requests. On February 24, 2016, the undersigned granted the motion to stay discovery.[8] (ECF No. 30.) It was further ordered that any discovery requests served by plaintiff would be considered "served as of the date any Discovery

_____

[7] The declaration submitted by defendants' current counsel states that she received the requests on February 5, 2016. (ECF No. 51-1 at 1, ¶ 2.) However, this seems unlikely in light of previous counsel's declaration (ECF No. 29-1) and the fact that current counsel did not become attorney of record until September 20, 2016 (ECF No. 44). The court assumes this apparent discrepancy is due to a typographical error or omitted explanation rather than any deliberate misrepresentation.
[8] Defendants incorrectly state that discovery was stayed at the time plaintiff's discovery requests were received. (ECF No. 51 at 1.)

and Scheduling Order issues." (Id.)  This means that the defendants' deadline for responding to plaintiff's January 29, 2016 requests was to be calculated based on the date the scheduling order was issued, not the date plaintiff originally served them.

The discovery and scheduling order was issued on November 2, 2016.  (ECF No. 46.) The order altered the default thirty-day timeframe for responding to discovery requests and ordered that responses to discovery requests were "due forty-five days after the request is served." (Id. at 4.)  Defendants' responses to plaintiff's requests for production were served thirty days later on December 2, 2016 (ECF No. 51-1 at 5-6), and were therefore timely.

### iii. Sufficiency of the Motion

Plaintiff moves to compel responses to his interrogatories and requests for production of documents.  (ECF No. 50.)  In their opposition, defendants refer only to requests for production (ECF No. 51) and plaintiff has not specifically identified the discovery requests at issue, so it is unclear whether he submitted both interrogatories and requests for production or just requests for production.[9]  Regardless, because the motion does not identify the specific requests or responses at issue and only generally identifies the objections he argues are deficient, it will be denied with one exception.

As addressed above, defendants' responses to plaintiff's requests were not untimely. Accordingly, their objections have not been waived due to untimeliness as plaintiff argues. Although plaintiff also argues that the objections are waived because they are overly vague and non-specific, he has not identified the specific requests or objections so that the court may evaluate these claims.

> The Court does not hold prisoners proceeding pro se to the same standards that it holds attorneys.  However, at a minimum, as the moving party plaintiff bears the burden of informing the court of which discovery requests are the subject of his motion to compel and, for each disputed response, why defendant's objection is not justified.

[9]  The copy of plaintiff's requests for production that was provided when defendants moved to stay discovery shows that plaintiff identified them as requests brought pursuant to Federal Rules of Civil Procedure 26, 33, and 34 (ECF No. 29-1 at 5-6), so it appears that the interrogatories he seeks to compel responses to may actually be his requests for production.

1 <u>Waterbury v. Scribner</u>, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1, 2008 U.S.

2 Dist. LEXIS 53142, at *3 (E.D. Cal. May 8, 2008).  Plaintiff's motion failed to provide this

3 necessary information, leaving the court unable to assess his claims, and though defendants

4 identified this deficiency in their opposition to the motion, plaintiff failed to file a reply

5 addressing the issue.

6      Plaintiff's final claim is that defendants' objections on the grounds of privilege are waived

7 because they did not provide a privilege log.  (ECF No. 50 at 1-3.)   Defendants respond that they

8 did provide a privilege log and submit the proof of service, though they do not provide a copy of

9 the log.  (ECF No. 51-1 at 6.)  It is unclear whether plaintiff did not receive the log or whether he

10 did not recognize the log for what it was.  In either case, the court will order defendants to re-

11 serve plaintiff with a copy of their privilege log.

12      For the foregoing reasons, plaintiff's motion to compel will be granted in so far as

13 defendants will be required to re-serve their privilege log.  The motion will otherwise be denied.

14      B.    <u>Defendants' Motion</u>

15      Defendants assert that their requests for admissions are deemed admitted because plaintiff

16 failed to timely respond and move to compel substantive responses to their interrogatories and

17 requests for production.  (ECF No. 54-1.)  They also seek to compel plaintiff to submit to a

18 deposition and request that they be awarded their costs and fees for the failed attempt to take

19 plaintiff's deposition and for having to bring the instant motion.  (<u>Id.</u>)  Plaintiff opposes the

20 motion, but focuses almost entirely on his deposition. (ECF No. 62 at 1-3.)  He argues that he was

21 not required to participate in the deposition until the court ruled on his pending motion for

22 protective order and that he did not deliberately evade counsel on the date the deposition was

23 scheduled to take place.  (<u>Id.</u>)  He also argues that monetary sanctions are not appropriate because

24 he was not in violation of an order compelling discovery.  (<u>Id.</u>)

25      i.    <u>Requests for Admissions</u>

26      Defendants served plaintiff with a request for admissions on December 22, 2016.  (ECF

27 No. 54-2 at 9.)  His responses were due by February 8, 2017 (ECF No. 46 at 4 (extending time for

28 responses to forty-five days from service)), and were received by defendants on February 28,

9

2017 (ECF No. 54-2 at 3, ¶ 12).  It is not clear when plaintiff submitted the responses, since they are not dated and it does not appear that they were accompanied by a certificate of service.  (Id. at 28-30.)  However, plaintiff has provided a copy of a letter to defendants' counsel that indicates he submitted the responses on February 23, 2017.  (ECF No. 50 at 8.)

Plaintiff's opposition to the motion to compel does not make any reference to the request for admissions.  To the extent it appears that he is arguing that he was not required to respond to discovery in general prior to a ruling on his motion for protective order, this claim is without merit.  Even if a pending motion for protective order was sufficient to stay plaintiff's obligation to respond to discovery, his motion for protective order made no mention of a request for admissions and focused solely on requests for production and the attempt to take his deposition. (ECF No. 47.)  Accordingly, that motion fails to provide any basis for failing to timely respond to the request for admissions.

Assuming that plaintiff did in fact serve his responses on February 23, 2017, they were untimely and he has presented no justification that would excuse the untimeliness and each matter is therefore deemed admitted.  Fed. R. Civ. P. 36(a)(3) (when a party fails to timely respond to a request for admission, the matter is automatically deemed admitted).  "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).  "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Id.

> The party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case.  Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir.1995).  The prejudice contemplated by 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay.  Id. at 1349 (finding only inconvenience but not prejudice despite the moving party's contention that if the admission had been timely it would have been able to engage in more extensive trial preparation); see also 999 [v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985)] (finding prejudice when the motion was not made until the middle of trial when 999 had nearly rested

its case and the record revealed that 999 had relied heavily on the admission and had even shown the admission to the jury).

Sonoda v. Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001).

Though plaintiff has not explicitly moved to withdraw or amend his admissions, the court will construe his February 23, 2017 letter to counsel, which is attached to his motion to compel, as a motion to withdraw and amend. (ECF No. 50 at 8 (stating that plaintiff "will NEVER agree" that the requests for admission are deemed admitted)). Review of the admissions and plaintiff's untimely responses show that allowing amendment or withdrawal would "promote the presentation of the merits of the action." (ECF No. 54-2 at 28-30.) However, prior to ruling on the motion, defendants will be given an opportunity to show that they would be prejudiced if plaintiff were permitted to withdraw his admissions and replace them with his untimely responses.

ii.    Interrogatories and Requests for Production

Defendants also seek to compel further responses to interrogatories and requests for production. (ECF No. 54-2 at 7-8.) They argue that the untimely responses are deficient and that sanctions are warranted since plaintiff did not submit his responses until after they filed their original motion to compel. (ECF No. 54-1 at 7-10.) They further assert that plaintiff's supplemental responses should be made without objection because he failed to timely respond and thereby waived any objections. (Id. at 9.) Plaintiff's opposition to the motion does not specifically mention the interrogatories or requests for production, but instead addresses the attempt to take his deposition. (ECF No. 62 at 1-3.) He does appear to make a general assertion that he was justified in withholding discovery because he had a pending motion for protective order. (Id. at 2.)

As with the request for admissions, the interrogatories and requests for production were served on December 22, 2016 (ECF No. 54-2 at 7-8), and responses were due by February 8, 2017 (ECF No. 46 at 4 (extending time for responses to forty-five days from service)). Plaintiff's responses were received by defendants on February 28, 2017. (ECF No. 54-2 at 3, ¶ 12.) It is similarly not clear when plaintiff submitted the responses, since they are not dated and it does not

11

appear that they were accompanied by a certificate of service. (Id. at 20-27.) However, plaintiff's letter to defendants' counsel indicates he submitted the responses on February 23, 2017. (ECF No. 50 at 8.)

Any claim that the motion for protective order stayed plaintiff's obligation to provide responses fails, particularly because the motion made no reference to the December 22, 2016 interrogatories and production requests. (ECF No. 47.) Although the motion for protective order did reference a request for production, based on plaintiff's statement that it would take him more than fourteen days to obtain the requested documents (id. at 1), it appears that the request at issue was not the one served on December 22, 2016, but was instead a request that accompanied the deposition notice.[10] However, since neither party has provided a copy of the deposition notice and accompanying requests for production, it is impossible to tell whether those requests overlapped with the requests served on December 22, 2016. Regardless, even if the requests for production were the same and a pending motion for protective order justified plaintiff not bringing the requested documents to his deposition, the motion would not justify failing to respond to the December 22, 2016 requests within the forty-five days provided. Accordingly, plaintiff's responses, if they were served on February 23, 2017, as his letter indicates, were late and as a general matter plaintiff has waived any objections. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). However, privilege is not necessarily waived simply because it was untimely asserted. See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege. However, we also reject a per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit.").

---

[10] Defendants' certificate of service indicates that a request for production accompanied the deposition notice. (ECF No. 54-2 at 14.)

In response to all seven requests for production, plaintiff objected as follows: "'work product and attorney/client privilege', herein but not limited thereto" (ECF No. 54-2 at 21-23) and provided no documents (id. at 3, ¶ 12). He made similar objections to the interrogatories and in some instances also provided responses. (Id. at 25-27.)

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011) (citing Upjohn Co. v. United States, 449 U.S. 383, 389 (1981)). "'The fact that a person is a lawyer does not make all communications with that person privileged.'" United States v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009) (quoting United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002)). Attorney-client privilege exists when the following elements are found:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

In re Grand Jury Investigation, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992); Ruehle, 583 F.3d at 607. "The party asserting the privilege bears the burden of proving each essential element." Ruehle, 583 F.3d at 608 (citing United States v. Munoz, 233 F.3d 1117, 1128 (9th Cir. 2000)). "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" Richey, 632 F.3d at 567 (quoting In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357 F.3d 900, 907 (2004)). When asserting privilege or protection of trial-preparation materials, the asserting party must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

Neither the responses to the discovery requests nor the opposition to the motion to compel offers further explanation as to the nature of the documents or information withheld, and plaintiff did not provide defendants or the court with a privilege log (ECF No. 54-2 at 3, ¶ 12).

13

Accordingly, even if plaintiff's untimeliness is not a bar to his assertion of privilege and work-product, his blanket objections and failure to provide a privilege log are insufficient to properly raise the objections and support his failure to produce documents or respond to interrogatories.

The court notes that it is questionable whether attorney-client privilege applies to any of the requested information, since plaintiff is proceeding pro se. This is particularly true for the interrogatories, which seek factual information. The court notes that plaintiff's previous motion for protective order stated that he sent documents to several attorneys when seeking representation and "to the class action attorneys of the Prison Law Office and Rosen, Bien, Galvan" and that those documents are therefore privileged. (ECF No. 47 at 1.) He further stated that he received advice from the class action attorneys. (Id.) Advice plaintiff received from the attorneys he contacted is likely privileged. Moreover, privilege would also likely extend to identification of the specific documents he sent to the attorneys. In other words, he would not have to tell defendants which documents he sent to attorneys. However, the documents themselves are not privileged or work-product just because plaintiff sent them to an attorney. Nor are facts supporting plaintiff's claims entitled to privileged just because plaintiff relayed them to an attorney. See Hurst v. City of Rehoboth Beach, No. CIV A 03-362 KAJ, 2006 WL 3366389, at *3, 2006 U.S. Dist. LEXIS 84901 at *10 (D. Del. Nov. 21, 2006) ("work product doctrine and the attorney-client privilege do not permit someone to shield factual information"); Vinton v. Adam Aircraft Indus., Inc., 232 F.R.D. 650, 663 (D. Colo. 2005) (documents were not covered by the work product doctrine simply because they were "based on [plaintiff's] investigations of the facts of the case before bringing it pro se").

As an example, defendants' third request for production seeks the production of 602 appeals that plaintiff submitted related to the claims in this case. (ECF No. 54-2 at 21.) These documents are not attorney-client privileged or entitled to work product protections, even if plaintiff sent copies of the appeals to attorneys or submitted the appeals to exhaust administrative remedies in preparation for litigation. One reason for this is because they have been voluntarily submitted to third-parties who are not bound by the privilege and there is a reasonable probability that the opposing party may see them. Bittaker v. Woodford, 331 F.3d 715, 719 (9th Cir. 2003)

14

("An express waiver [of attorney-client privilege] occurs when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public."); <u>Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.</u>, 299 F.R.D. 638, 645 (E.D. Cal. 2014) (disclosure to a third-party "'does not waive the work product immunity unless it has substantially increased the opportunities for potential adversaries to obtain the information.'" (quoting Charles Alan Wright & Arthur R. Miller, 8 <u>Federal Practice and Procedure</u> § 2024 (3d ed.))).

Because his assertions of privilege and work-product are insufficient and he has waived any other objections, plaintiff will be required to respond to all seven of defendants' requests for production and to produce all responsive documents without objection. If no responsive documents exist, plaintiff must specifically state that no such documents exist. The only exception that will be permitted is that if plaintiff wants to assert that a document is protected from disclosure because it is privileged or work-product, he must provide a privilege log that identifies each document individually and "describes the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Continued blanket assertions of privilege and work product, or failure to provide an adequate privilege log, will likely result in an order requiring plaintiff to produce the documents or face exclusionary or terminating sanctions.

Defendants also seek to compel plaintiff to provide responses, or clarification to existing responses, to Interrogatories 1, 2, 4, and 6 through 9. (ECF No. 54-1 at 9-10.) The interrogatories and responses in dispute are as follows:

> **Interrogatory No. 1:** Please state all facts that support your contention you had the right to be provided with diabetic snacks in July of 2014.

> **Response to Interrogatory No. 1:** I tried to procure my doctor prescribed medical txmnt w/aa valid chrono and was denied on different days by both of these defendants. I do <u>not</u> waive "work product or attorney-client privilege or any other privilege. This is my good faith effort at discovery compliance. Herein but not limited thereto.

**Interrogatory No. 2:** Please state all facts that support your contention that Defendants Stankewitz and Ferreira wrongfully deprived you of diabetic snacks in July of 2014.

**Response to Interrogatory No. 2:** Same as above, w/o waiving any privilege(s) asserted above herein but not limited thereto.

**Interrogatory No. 4:** Please identify all facts supporting your contention that your medical condition required that you be provided with diabetic snacks in July of 2014.

**Response to Interrogatory No. 4:** Valid medical chrono, w/o waiving any asserted privileges in Response #1, herein but not limited thereto.

**Interrogatory No. 6:** Please identify the date that the chrono, allegedly authorizing that you be provided with diabetic snacks, expired in 2014.

**Response to Interrogatory No. 6:** Work product and attorney/client privilege, herein but not limited thereto.

**Interrogatory No. 7:** Please describe your understanding of the policy that was in effect in July of 2014 regarding which inmates would receive diabetic snacks.

**Response to Interrogatory No. 7:** I never received any policy statement in writing. "Work product and attorney/client privilege" herein but not limited thereto.

**Interrogatory No. 8:** Please identify any physical, mental, and emotional injuries or harm you sustained as a result of not receiving diabetic snacks in July of 2014.

**Response to Interrogatory No. 8:** "Work product and attorney/client privilege", herein but not limited thereto.

**Interrogatory No. 9:** Please identify all individuals with knowledge of facts that support your contention that you suffered physical, mental, and emotional injuries or harm as a result of not receiving diabetic snacks in July of 2014.

**Response to Interrogatory No. 9:** "Work product and attorney/client privilege", herein but not limited thereto.

(ECF No. 54-2 at 25-27.)

These requests seek information relating to the factual basis for plaintiff's claims and alleged injuries as well as the identification of witnesses. As explained above, this is not the kind of information that would be protected by either attorney-client privilege or the work-product doctrine and plaintiff will be required to provide a response to each disputed interrogatory

16

without objection.  Accordingly, plaintiff must provide complete responses to Interrogatories 6, 8, and 9 without any objections.  For Interrogatories 1 and 2, plaintiff must clarify whether the facts he has provided are all the facts that support his contentions.  If there are no additional facts, he must state that there are no additional facts.  If he withheld facts on the basis of his objections, he must provide those facts.  Plaintiff must answer Interrogatory 4 without objection and using complete sentences.  He must clarify whether a valid medical chrono is his only supporting fact and if there are other facts he must provide them.  Finally, with respect to Interrogatory 7, whether or not he received a copy of a written policy is not responsive to the question and plaintiff must answer the question asked and explain what he believed the policy was.

iii.    Deposition

Defendants also move to compel plaintiff to submit to a deposition because he refused to participate in his originally scheduled deposition. (ECF No. 54-1 at 10-12.)  Plaintiff argues that he was substantially justified in refusing to be deposed because he had a pending motion for protective order.  (ECF No. 62 at 1-2.)

Although the parties disagree as to the specifics of what occurred on February 7, 2017, when plaintiff was scheduled to be deposed, they agree that plaintiff ultimately refused to be deposed until there was a ruling on his motion for protective order.  (ECF No. 54-2 at 2, ¶ 7; ECF No. 62 at 1.)  The motion for a protective order was denied (ECF No. 49) and plaintiff's opposition to the motion to compel does not offer any reason why he should not be required to submit to a deposition.  Accordingly, defendants' motion to compel will be granted.  Defendants will be given another opportunity to depose plaintiff and plaintiff must participate fully in the deposition.  Plaintiff is warned that if he fails to participate in the deposition, it will result in sanctions that may range from exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance.  He is further advised that a pending motion for protective order will not be grounds for refusing to participate in the deposition.

iv.    Sanctions

Defendants' request that plaintiff be sanctioned in the form of their expenses in bringing the instant motion and for the costs and fees associated with the failed attempt to take plaintiff's

17

deposition.  (ECF No. 54-1 at 7-8, 10-12.)  Plaintiff argues that he cannot be sanctioned for failing to respond to discovery requests because he was not in violation of a discovery order and that his failure to participate in his deposition was substantially justified.  (ECF No. 62 at 1-2.)

Plaintiff is incorrect that defendants cannot be awarded their costs because there was not an order requiring him to respond to their discovery requests.  Federal Rule of Civil Procedure 37(a)(5)(A) provides that when the court grants a motion to compel, or responses to discovery requests are submitted after a motion to compel is filed,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

The rule does not require a party to be in violation of a court order, only that the party's conduct necessitated a meritorious motion to compel.

Although the court finds that plaintiff's failure to respond to discovery requests in a timely manner was not substantially justified, in light of his status as an incarcerated plaintiff proceeding pro se and in forma pauperis, the court declines to award sanctions at this time.  Moreover, defendants have failed to identify their expenses related to bringing the motion to compel plaintiff's responses to their discovery requests and the court is therefore unable to grant the motion even if it were so inclined.

The court also declines to assess costs and fees for plaintiff's refusal to participate in his deposition.  Plaintiff, presumably relying upon Federal Rule of Civil Procedure 37(d)(2), argues that his failure to participate in his deposition is excused because he had a pending motion for protective order.  (ECF No. 62 at 1.)  Rule 37(d)(2) provides that a party's failure to appear at his properly noticed deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule

26(c)." However, "[t]he court may punish a party for failing to appear for deposition even if the party has a motion for a protective order pending at the appointed time," though it is not required to do so. Hiramanek v. Clark, No. 13-cv-00228-RMW, 2016 WL 217255, at *4 n. 34, 2016 U.S. Dist. LEXIS 6176, at *12 (N.D. Cal. Jan. 19, 2016) (citing Pioche Mines Consol., Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964); Fed. R. Civ. P. 37(d)(2)-(3)). The court finds that plaintiff's interpretation of the rule, though incorrect, is not unreasonable given his pro se status and will therefore not sanction him for his refusal to participate in his deposition.

Defendants argue that plaintiff's then pending motion should not bar sanctions because he failed to attempt to confer in good faith prior to filing his motion and waited until the last minute to file his motion. (ECF No. 54-1 at 10-12.) The court finds this argument to be unpersuasive. Plaintiff declared under penalty of perjury that he did not receive the notice until January 24, 2017. (ECF No. 47 at 1-2.) Assuming he then mailed his motion for protective order on January 30, 2017,[11] he acted within six days of receiving the notice of deposition. The motion was received by the Clerk's Office on February 2, 2017, and entered onto the docket on February 3, 2017. (See Docket Entry for ECF No. 47.) The deposition was scheduled for February 7, 2017. (ECF No. 54-2 at 2, ¶ 4; ECF No. 62 at 1.) Given his incarcerated status and its inherent limitations, it is unclear how much more quickly plaintiff could have acted or how he was to be expected to confer with defendants' counsel prior to bringing the motion. The court is particularly skeptical of defendants' argument that plaintiff should have been able to accomplish these things in the time he had in light of previous counsel's representation that obtaining a stipulation for an extension of time was not reasonably possible given plaintiff's incarcerated status. (ECF No. 42 at 2, ¶ 5.) In the court's experience, this is a common reason given by attorneys in the Attorney General's Office for not discussing matters with a prisoner-plaintiff that must be completed within a limited timeframe. If counsel, who is undoubtedly more able to contact plaintiff on short notice, is unable to even attempt to secure a stipulation on what is

---

[11] Plaintiff's motion for protective order was not accompanied by a certificate of service, but since the motion was received by the Clerk's Office on February 2, 2017, it is reasonable to assume that the date signed the motion was the same date it was mailed.

generally a routine matter, then plaintiff cannot reasonably be expected to contact counsel prior to bringing a motion on a more complex matter in such a short period of time.  Counsel cannot cite plaintiff's incarceration as an excuse for not conferring with plaintiff on matters that would normally require communication between the parties and then conveniently ignore his incarcerated status when plaintiff, who is generally limited to initiating and carrying out communication by mail, does the same.

Although the court declines to grant defendants their costs and fees associated with bringing the instant motion to compel and plaintiff's failure to participate in his deposition, plaintiff is cautioned that if he continues to refuse to participate in discovery, future requests for fees and costs may be granted regardless of plaintiff's status as an incarcerated plaintiff proceeding pro se and in forma pauperis.

V.     Plain Language Summary of this Order for a Pro Se Litigant

Your motion for recusal is denied because the facts you have alleged do not show that the undersigned is biased against you.  Your motion for an extension of time is denied because the court cannot tell what deadline you are trying to extend.  If you are trying to extend your time to reply in support of your motion to compel, the motion for extension is late and does not explain why it is late.  Your motions for contempt of court and monetary sanctions are denied because the individuals you identify are not in violation of a court order, most of them are not defendants, and the issues you raise are unrelated to this case.  Your motion to compel is denied because defendants' responses were submitted on time and you did not give the court enough information about the requests and responses.  However, defendants will be required to send you another copy of their privilege log.

Defendants' requests for admissions are deemed admitted because your response was late. However, the court is considering allowing you to withdraw the admissions and substitute the untimely responses.  Defendants are being given an opportunity to show the court that allowing you to substitute your late responses would prejudice them.  If they file a response, you will have fourteen days to reply.

Defendants' motion to compel further discovery responses is granted.  Your responses to

the interrogatories and requests for production were late and you have waived your objections. You must fully respond to all seven requests for production. Because privilege and work-product protections are not automatically waived when late, if you believe that a document is protected as either privileged or work-product, you must provide a privilege log that (1) describes what kind of document it is (i.e. appeal, letter, etc.); (2) generally identifies the contents and/or purpose of the document (i.e. legal advice, facts related to case, etc.); (3) identifies the individuals who sent, received, and created the document; and (4) states whether you are claiming the document is attorney-client privileged, work-product, or both. If you do not provide the information necessary to support your claim of privilege or work-product, the protection will be waived and you will be required to produce the documents. Factual information about your claims is not attorney-client privileged or work-product.

You must provide complete responses to Interrogatories 6, 8, and 9 without objections. For Interrogatories 1, 2, and 4 you must provide supplemental responses that clarify whether there are other facts that support your claims and provide any additional facts that may exist. For Interrogatory 7, you must answer the question asked and explain your understanding of the policy at issue.

Defendants will be given another opportunity to depose you. You must participate fully in the deposition or you will be subject to sanctions. Filing a motion for protective order will not excuse you from participating in your deposition.

If you do not provide responses to defendants' discovery requests or participate in your deposition, you will be subject to sanctions. Defendants' request that you be required to reimburse them for some of their expenses for the current motion to compel and failing to participate in your original deposition will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for recusal (ECF No. 70) is denied.

2.  Plaintiff's motion for an extension of time (ECF No. 72) is denied.

3.  Plaintiff's motions for contempt of court and monetary sanctions (ECF Nos. 66, 71) are denied.

4. Plaintiff's motion to compel (ECF No. 50) is granted in part and denied in part. The motion is granted to the extent that defendants shall re-serve plaintiff with their privilege log within seven days of the filing of this order. The motion is otherwise denied.

5. Defendants shall have fourteen days from the filing of this order to file a response showing that they would be prejudiced by permitting plaintiff to withdraw his admissions and amend them with his untimely responses. Plaintiff may file a reply within fourteen days of service of the response.

6. Defendants' motion to compel further discovery responses (ECF No. 54-1) is granted. Within twenty-one days of service of this order, plaintiff must provide further responses to defendants' requests for production and interrogatories, as set forth in this order. Defendants shall have forty-five days from service of this order to bring any motion for sanctions based upon plaintiff's failure to comply with this order.

7. Defendants' motion to compel plaintiff to submit to a deposition (ECF No. 54-1) is granted and they shall have sixty days from the filing of this order to take plaintiff's deposition. If plaintiff refuses to participate in his deposition, defendants may bring a motion for sanctions within fourteen days of being advised of plaintiff's refusal.

8. Defendants' request for their costs and fees associated with bringing this motion and plaintiff's failed deposition is denied.

9. Plaintiff's failure to comply with this order and provide complete responses to defendants' discovery requests and participate in his deposition will result in sanctions that may range from exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance. Failure to comply may also result in monetary sanctions.

Dated: November 9, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:diaz2705.mtc.recuse