UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>            Plaintiff,<br><br>      v.<br><br>R. FOX, et al.,<br><br>            Defendants. | No. 2:14-cv-2705 JAM CKD P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are defendants' opposition to allowing plaintiff to withdraw his admissions (ECF No. 77) and motion for sanctions and to dismiss (ECF No. 78). Also before the court is plaintiff's motion for contempt of court and sanctions. (ECF No. 80)

    I.    <u>Motions for Contempt of Court and Sanctions.</u>

Plaintiff has filed another motion for "contempt of court and monetary sanctions." (ECF No. 80.) He seeks sanctions against counsel on the grounds that he has not been provided a copy of the deposition transcript,[1] that cases have been cited to which he does not have physical access, and that counsel lied in requesting an extension of time. (<u>Id.</u> at 1-2.) He also appears to charge

---

[1] Although plaintiff refused to participate in his deposition, counsel had the court reporter take statements from those who witnessed plaintiff's refusal. (ECF No. 81 at 8-13.)

1

counsel with violating Federal Rule of Civil Procedure 11(b)(1)'s requirement that matters presented to the court not be for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." (Id. at 2.) He requests that the court place counsel in contempt and order unspecified monetary sanctions or alternatively that an order to show cause should be issued to investigate his allegations of misconduct. (Id.)

With respect to the claim that counsel has refused to provide plaintiff with a copy of the deposition transcript, beyond the portions used as exhibits, counsel is not required to provide plaintiff with copies of the transcript unless she submitted an electronic courtesy copy to the court, L.R. 133(j), which she did not do in this case (ECF No. 79 at 2 (stating that the court was provided a paper courtesy copy)). As for the assertion that counsel has cited to cases he does not have "physical access" to, unless counsel failed to provide copies of unreported cases, which plaintiff does not allege, then she has not violated any rules of the court. See L.R. 133(i)(3)(ii) (requiring service of paper copies of cited, unreported cases on pro se prisoners).

Plaintiff further accuses counsel of lying to obtain an extension of time. (ECF No. 80 at 1.) He bases this accusation on the allegation that, in requesting an extension of time, counsel failed to disclose that when he told her he refused to stipulate to an extension she told him that she believed the court would grant the motion regardless. (Id. at 1.) In moving for an extension, counsel averred to the court that plaintiff had refused to stipulate to the requested extension (ECF No. 75 at 3) and plaintiff's motion confirms this fact (ECF No. 80 at 1). Whether counsel also told plaintiff that she believed the court would grant the motion even if he did not stipulate to the extension was immaterial to the merits of the motion. Moreover, even if counsel did voice such an opinion to plaintiff, she was under no obligation to relay this additional part of the conversation and not doing so does not constitute lying to the court.

As for the claim that counsel has presented matters to the court with the improper purpose of delaying proceedings or harassing plaintiff, this claim also fails. This claim appears to be based upon a combination of defendants' requests for extension of time and counsel's failure to cancel plaintiff's December 5, 2017 deposition. (ECF No. 80 at 1-2.)

////

Throughout the course of this action, defendants have requested two extensions of time, only one of which was filed by current counsel, and neither of which was unreasonable or improper. (ECF Nos. 42, 75.) Although plaintiff criticizes the court for granting those motions and alleges such "favoritism" has encouraged counsel to act inappropriately (ECF No. 80 at 1), it should be noted that plaintiff has requested seven extensions of time (ECF Nos. 10, 14, 18, 53, 57, 72, 82), all but one of which were granted[2] (ECF Nos. 11, 15, 19, 55, 61, 74, 83). Any delays in this case due to requests for extension of time are far more attributable to plaintiff than to defendants.

With respect to the deposition, plaintiff appears to argue that counsel's failure to cancel the deposition was improper because he filed a notice of appeal providing sufficient notice that it should be cancelled. (ECF No. 80 at 1-2.) However, the notice of appeal failed to provide sufficient advance notice that plaintiff would refuse to be deposed both because of when it was received and because of its lack of specific information. First, plaintiff's deposition was scheduled for December 5, 2017, and counsel did not receive the notice of appeal until the following day. (ECF No. 81 at 4-5.) Although plaintiff argues that he is "entitled to the prison mailbox rule construction" (ECF No. 80 at 2), that rule determines only plaintiff's constructive date of filing or service, not when something was received and therefore provided actual notice. The copy of the notice of appeal mailed to the court also failed to provide any advance warning because its filing was delayed when it was sent back to plaintiff. (ECF No. 85.) But even if it had been filed upon its original receipt, the notice was not received by the court until the day the deposition took place and therefore would not have provided advance notice that plaintiff planned to refuse to participate in his deposition. Finally, regardless of when it was received, the contents of the notice of appeal failed to give any indication that he would refuse to be deposed since it did not identify what plaintiff was appealing (ECF No. 86), which was the reason the court originally returned it to him (ECF No. 85).

---

[2] The motion that was denied was denied because it was unclear what deadline plaintiff sought to extend and was untimely as to the deadline it appeared that he might have been trying to extend. (ECF No. 74 at 3.)

3

For these reasons, the court finds that plaintiff has failed to identify any conduct by counsel that would warrant holding counsel in contempt of court or assessing sanctions against counsel and the motion will be denied.

II. Motion for Sanctions

By order filed November 9, 2011, plaintiff was ordered to provide supplemental responses to defendants' requests for production and interrogatories and to submit to a deposition. (ECF No. 74 at 22.) Defendants have now filed a motion for their expenses and terminating sanctions based on plaintiff's failure to do either of these things. (ECF No. 78.) Although plaintiff requested (ECF No. 82) and was granted (ECF No. 83) an extension of time to respond to the motion for sanctions, he has not filed a response and the time for doing so has long since expired.

Defendants assert that plaintiff has not provided any supplemental responses to the discovery requests and once again refused to participate in his deposition. (ECF No. 78-1 at 2.) In refusing to be deposed, it appears that the only explanation plaintiff gave was that he was appealing the order compelling him to participate. (ECF No. 78-2 at 2, ¶ 5.) He apparently also refused to remain in the room so that the court could be called to address the issue in the moment. (Id.) Plaintiff has not disputed any of these allegations.

A. Terminating Sanctions

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); L.R. 110; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987) (dismissal for failure to comply with court order). Moreover, the Federal Rules specifically contemplate dismissal as a potential sanction for a party's failure to comply with an order compelling discovery, Fed. R. Civ.

4

P. 37(b)(2)(A)(v), but "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions," Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

> [The Ninth Circuit has] constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Id. (footnote citations omitted).

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending since November 2014, and plaintiff shows little interest in complying with this court's discovery orders or fulfilling his discovery obligations. As set forth in the court's November 9, 2017 order, plaintiff was required to provide supplemental responses to defendants' requests for production and interrogatories. (ECF No. 74 at 11-17.) He was also clearly directed to participate in his deposition and warned that "if he fail[ed] to participate in the deposition, it [would] result in sanctions that may range from exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance." (Id. at 17.) However, despite the court's clear warning that plaintiff would be subject to sanctions if he failed to provide responses to the discovery requests or participate in his deposition (id. at 17, 21), he has failed to do either and he has not provided any explanation for these failures. Plaintiff apparently has no intention of fulfilling his obligations as directed.

Counsel has provided a declaration in which she states that plaintiff did not initially show up for his deposition and had to be located by correctional officers. (ECF No. 78-2 at 2, ¶ 4.) Once he was located and escorted to the room where the deposition was to take place, plaintiff gave her a piece of paper and then started to leave the room. (Id., ¶ 5.) When she asked him to explain what the paper was and if he was going to participate in his deposition, he stated that he

did not have to explain and that he would not be participating. (Id.) He eventually stated that he was appealing the order compelling him to participate in his deposition and refused to wait for counsel to call the court to resolve the issue. (Id.) Plaintiff ultimately left the room without being deposed. (Id.)

Plaintiff has provided no explanation for his failure to provide supplemental discovery responses, and to the extent he refused to be deposed on the ground that he was appealing the order compelling his participation, that refusal was unjustified. The order compelling plaintiff's participation in his deposition was not an appealable order. 28 U.S.C. § 1291. Furthermore, there is no excuse for plaintiff's refusal to wait for counsel to attempt to contact the court to resolve the dispute. Plaintiff's actions demonstrate his lack of interest in complying with court orders and fulfilling his discovery obligations.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone, 833 F.2d at 131). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). As addressed above, plaintiff has not provided the court with any explanation for his lack of compliance, though he apparently advised defendants' counsel that he would not participate because he was appealing the court's previous discovery order. (ECF No. 78-2 at 2, ¶ 5.) The court finds that plaintiff's continued, unjustified failure to participate in discovery constitutes a willful and bad faith disregard for the discovery process and this court's orders. Furthermore, plaintiff's failure to respond to discovery requests substantially hinders defendants' ability to investigate and defend against his allegations.

The fourth factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). However, it is also greatly outweighed by the factors in favor of dismissal discussed herein.

////

Finally, the court finds that there are no other, lesser sanctions that would be satisfactory or effective. In granting defendants' motion to compel, the court clearly directed plaintiff to provide supplemental answers and participate in his deposition and warned that his failure to comply would result in sanctions that could range all the way up to dismissal of this case depending on the degree of his non-compliance (ECF No. 74 at 11-17, 21), and plaintiff has not made any attempt to comply with the order. The "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (citing Malone, 833 at 132-33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)). Given plaintiff's complete disregard for this court's order, and his failure to explain his non-compliance, the court finds that lesser sanctions would be ineffective and insufficient to address plaintiff's willful behavior. Exclusionary sanctions would likely be ineffective, since the court is unable to prospectively determine what kind of information and evidence plaintiff is withholding such that it could be effectively excluded. Furthermore, given plaintiff's incarceration and in forma pauperis status, he would likely be unable to pay any monetary sanctions, making them of little use.

For these reasons, the undersigned finds that terminating sanctions are justified and will recommend granting defendants' motion.

B. Payment of Expenses

Rule 37(b) also provides that instead of or in addition to the other sanctions it permits, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Although the court does not find plaintiff's failures to be substantially justified, in light of the recommendation for terminating sanctions and plaintiff's status as an incarcerated plaintiff proceeding pro se and in forma pauperis, an award of expenses would be unjust.

III. Withdrawal of Admissions

In addition to granting defendants' motion to compel, the November 9, 2017 order also construed one of plaintiff's filings as a motion to withdraw his deemed admissions. (ECF No. 74

at 11.) Before allowing plaintiff to withdraw his admissions, defendants were given an opportunity to show that doing so would prejudice them. (Id. at 11, 22.) In light of the recommendation that the motion for terminating sanctions be granted, this issue will only be addressed, as needed, upon resolution of the motion.

IV.     Plain Language Summary of this Order for a Pro Se Litigant

Your motion for contempt of court and sanctions is denied because you have not identified any conduct by counsel that would give the court reason to hold counsel in contempt or order sanctions. It is being recommended that this action be dismissed due to your complete failure to provide supplemental discovery responses and participate in your deposition like you were ordered to do. You have not given the court any explanation for why you refused to follow the order, and to the extent you told counsel it was because you were appealing the order, that is not a valid reason because the order was not appealable. Because it is being recommended that the action be dismissed, defendants' request for their expenses will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for contempt of court and monetary sanctions (ECF No. 80) is denied.

2. Defendants' motion for expenses (ECF No. 78) is denied.

IT IS FURTHER RECOMMENDED that defendants' motion for terminating sanctions (ECF No. 78) be granted and this action be dismissed for failure to comply with a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

////

////

8

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 20, 2018

                                      /s/ Carolyn K. Delaney
                                      CAROLYN K. DELANEY
                                      UNITED STATES MAGISTRATE JUDGE

13:diaz2705.sanctions.f&r